## JOHN W. VAN ALSTYNE, Respondent, *v.* THE ÆTNA INSURANCE COMPANY, Appellant.

*Policy of insurance — provision against further insurance — when two policies cover the same interest — Usage — " trip policy."*

The owner of a canal boat applied for and procured a policy of insurance for $1,000, to be issued thereon by the defendant, " loss, if any, payable to John W. Van Alstyne, as his interest appears ;" the policy providing that it should become void if any other insurance should be made upon the boat. Van Alstyne held a mortgage against the boat, but this fact was not communicated to the defendant. Subsequently the owner of the boat procured another policy of insurance, to be issued upon the boat by a different company, without the knowledge or consent of Van Alstyne.

*Held,* that the first policy was thereby avoided ; that it was not a case of two policies being issued upon two different insurable interests, but that both policies covered the same interest, viz., that of the owner.

A usage or custom in hostility to the express provisions of a contract, so far as that contract is concerned, is of no effect.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was upon a policy of insurance of a canal boat, to the amount of $1,000.

*Humphrey & Lockwood,* for the appellant.

*Fuller & Vann,* for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment for the plaintiff, entered on the report of a referee.

The action is to recover for the loss of a canal boat, which was insured by a policy issued by the defendant's agent at Buffalo, on which policy was written: " Loss, if any, payable to John W. Van Alstyne, as his interest appears." The policy was procured by and issued to C. J. Van Wort, the owner of the canal boat, the " Mary Eleanor," and was issued on the 13th day of September, 1872. Van Alstyne, to whom the loss, if any, was payable, was a mortgagee of the boat. The policy contained the following condition, viz.: " It is also agreed that this policy shall become void if any other insurance is or shall be made upon the boat

hereby insured, which, together with this insurance, shall exceed the sum of $1,000."

The policy permitted the boat to be employed "in the general freighting business, and to navigate the inland lakes, rivers, and canals of the State of New York, and the harbor of the city of New York, usually navigated by vessels of this class engaged in the common carrying trade, including the North river, when it forms a portion of the vessel's continuous trip; also the East river, as far as the southwesterly end of Blackwell's island."

The insurance was for one year; that is, until the 13th day of September, 1873.

On the 14th day of June, 1873, the said C. J. Van Wort procured another policy of insurance from the St. Paul Fire and Marine Insurance Company, from the said 14th day of June, 1873, till noon of the 1st day of January, 1874, also in the sum of $1,000, with the same permission as to the business in which she should be engaged, except that on the policy issued by the defendant there was an indorsement, as follows: "Privileged to run to Philadelphia, and the waters of New Jersey," and in the policy issued by the St. Paul company it was expressed in the body of the policy, "also to run to Philadelphia, Fort Johnson, and Elizabethport," and indorsed on the latter policy were the words, "privileged to run as far east as New Haven, and as far south as Baltimore."

On the 27th day of July, 1873, the said boat was sunk in the Hudson river, near Poughkeepsie, and was a total loss. The insurance in the St. Paul company was not notified nor assented to by the defendant. The procuring of the policy from the St. Paul company was alleged in the answer as a defense under the condition aforesaid.

The premium charged on the policy of the defendant was thirty dollars, only ten dollars of which was paid down. In the application made by Van Wort for the policy, it was stated: "Ten dollars to be paid down and the balance next trip (1872)," and the referee finds in his additional findings, on the settlement of the case, that the balance of the said premium, twenty dollars, has never been paid, and "that the defendant never waived the payment of said premium, or consented to any change of the

terms of the said application as to the payment thereof." Van Wort testified that he purposely omitted paying any more of the premium than the ten dollars, on the ground that he wanted to run the boat to Bridgeport, New Haven, Baltimore, and all inland waters, and that he told the plaintiff that he should pay no more on the defendant's policy.    It is clear, from the testimony of Van Wort, that he designedly omitted to pay the balance of the premium for the reason that the policy granted by the defendant restricted him more than he desired in regard to the places where the boat should be used, and he did not make any proof of the loss to the defendant, or make any claim upon the policy issued by the defendant.    The policy was, therefore, designedly suffered to lapse by Van Wort.

The party to whom the loss is made payable by the policy can only claim through the contract itself, and his interest in the policy is subject to all the express stipulations and conditions contained therein.    This would be true, even if the policy had been assigned to the plaintiff, and a subsequent breach of the conditions of the policy would avoid it, as if the assignor subsequently obtains other insurance without consent.    (Wood on Fire Ins., §§ 342, 353; *Grosvenor* v. *The Atlantic Fire Ins. Co.*, 17 N. Y., 391; *State, etc., Ins. Co.* v. *Roberts*, 31 Penn. St., 438.)

The counsel for the plaintiff seeks to liken this case to those in which it has been held, that the insured cannot be affected by the acts of some other party who also has an insurable interest in the same property, and obtains insurance of that interest.    As the case of a vendor and vendee under a contract of sale, as in *Acer* v. *The Merchants' Ins. Co.* (57 Barb., 68), and numerous other cases where it has been held, that, in order to constitute a breach of the condition against further insurance, the further insurance must be on the same interest.    But we think the cases are not at all analagous.    Here, the insurance was obtained, and in both instances the policy was procured by Van Wort, and each policy purports to have been made "on account of C. J. Van Wort." It is unnecessary that the party who is specified as the person to whom the loss, if any, is to be paid should have any insurable interest in the property insured, or that, if he has such interest, the insurance company should be notified of the fact.    There is

nothing to prevent the assured from ordering the loss, if any, to be paid to the party to whom it is directed to be paid on any other account than that of an interest in the property insured. We think that it cannot be claimed that under this policy, which limits the amount of insurance on the boat to the sum of $1,000, that Van Wort could effect any further insurance without a breach of the condition of the policy which has been referred to.

Evidence was given before the referee, under the objection and exception of the defendant, to the effect that there was an established custom to take out what is called a " trip policy," whereby a party desiring to navigate his vessel beyond the points permitted in his yearly, or time policy, takes out a policy for the particular trip he desires to make; and that, according to the custom, it is supposed that the time policy is suspended while the boat is outside of the limits permitted by it, and revives again when she returns within those limits.   And the referee has found that this policy, issued by the St. Paul company, was " in the nature of a trip policy," and issued " according to the custom pertaining to canal boat insurance, which custom was well known by the contracting parties in the defendant's policy, and that their said contract was made in reference thereto; and that in no other sense did said policy ever have any valid existence, as an insurance on said boat."

The referee, it will be noticed, does not specify the custom as it was established before him.   According to any intelligent account of the custom, as given by the testimony, the trip policy and the time policy could not be in force at the same time; otherwise, it would render the condition in the contract against further insurance ineffectual; and a usage or custom in hostility to the express provisions of a contract can be of no avail against the contract, and so far forth as that contract is concerned, is void. (*Mutual Safety Ins. Co.* v. *Hone, et al.*, 2 Comst., 235; *Markham* v. *Jaudon*, 41 N. Y., 235.)

But a satisfactory answer to this proof of an alleged custom is, that the St. Paul policy was not a " trip policy," and was not procured as such by Van Wort.   It was a time policy, authorizing the navigation of the boat in the same waters as those specified in the defendant's policy, and extending the privilege to navigate

as far south as Baltimore, and as far east as New Haven, and was evidently intended by Van Wort as a substitute for the policy of the defendant, which he had suffered to lapse by the non-payment of the premium.

We are of opinion that the policy sued on was forfeited by a breach of the condition against further insurance, and that the judgment should, for that reason, be reversed.

Present — TALCOTT, P. J. SMITH and HARDIN, JJ.

Judgment reversed, and a new trial ordered before another referee, with costs to abide the event.